Citation Nr: 1132120 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 07-17 171 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boise, Idaho


THE ISSUE

Entitlement to service connection for a bilateral hearing loss disability. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Debbie A. Breitbeil, Counsel



INTRODUCTION

The Veteran, who is the appellant, served on active duty from January 2, 2002 to September 30, 2002, and from June 2004 to November 2005, with additional service in the National Guard.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in March 2006 of a Department of Veterans Affairs (VA) Regional Office (RO).

In October 2010, the Board remanded the case to the RO for additional development. 

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, DC.


REMAND

The Veteran was afforded a VA examination in order to obtain a medical opinion in January 2011, as VA examinations in March 2006 and in August 2007 were previously deemed by the Board to be insufficient to decide the claim. 

However, the Board finds that the medical opinion is not helpful in resolving the appeal because it either did not account for significant facts in the case or provide a rationale. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two). 






Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the VA audiology examiner who examined the Veteran in January 2011, or to another examiner if the VA examiner is unavailable, to determine:

Whether it is more likely than not (probability greater than 50 percent), at least as likely as not (probability of 50 percent), less likely than not (probability less than 50 percent), that the current hearing loss disability in each ear is related to the hearing loss noted during periods of service from January 2, 2002, to September 30, 2002, and from June 2004 to November 2005. 

The significant facts of the case show that prior to service on an audiogram in February 1997 only the left ear met VA standards under 38 C.F.R. § 3.385 for a pre-existing hearing loss disability and the same audiogram did not show a right ear hearing loss disability under 38 C.F.R. § 3.385. 

For the left ear, the puretone thresholds, in decibels, at 3000 and 4000 Hertz in the left ear were consistently and permanently higher at the time of audiograms conducted during service in February 2002 and September 2002 and in July 2004 and August 2004, as well as in a private audiogram days after his discharge from service in November 2005. 

For the right ear, during service, audiograms in July 2004 and in August 2004, as well as in a private audiogram days after his discharge from service in November 2005, initially show a right ear hearing loss disability under 38 C.F.R. § 3.385. 

In formulating the opinion, the VA examiner is asked to address:

Whether the Veteran had a pre-existing left ear hearing loss disability and, if so, did the pre-existing left ear hearing loss disability permanently increase in severity beyond the natural progression during service, that is, a irreversible worsening of the left ear hearing loss beyond the natural clinical course and character of the condition as contrasted to a temporary worsening of symptom, considering accepted medical principles pertaining to the history, manifestation, clinical course, and character of the pre-existing ear hearing loss.

If an opinion is not possible without resort to speculation, the VA examiner is asked to clarify whether the opinion cannot be rendered because there are other potential etiologies for the current hearing loss disability, when the in- service findings are not more likely than any other to cause the Veteran's current bilateral hearing loss and that an opinion on causation is beyond what may be reasonably concluded based on the evidence of record and current medical knowledge.



2. After the development requested has been completed, adjudicate the claim. If the benefit sought remains denied, furnished the Veteran and his representative a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the Veteran's appeal. 38 C.F.R. § 20.1100(b) (2010).